

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-3-2005

# Gilgallon v. Carroll

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2074

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Gilgallon v. Carroll" (2005). *2005 Decisions.* Paper 261.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/261

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 05-2074

_____

EILEEN GILGALLON;
RONALD GILGALLON;
MARY HENNIG, AS TAXPAYERS IN
HUDSON COUNTY, NEW JERSEY,

Appellants

v.

NEIL CARROLL; VINCENT ASCOLESE;
NEPTALI CRUZ; WILLIAM BRAKER;
NIDIA DAVILA-COLON; WILLIAM O'DEA;
ALBERT CIFELLI; SILVERIO VEGA; MAURICE FITZGIBBONS;
EDWARD J. FLORIO; LABOR MANAGEMENT CONCEPTS, INC.;
ABC CORPORATION 1-100; JANE AND MARY DOES 1-10 (fictitious)
BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF HUDSON;
JUDICIARY OF THE STATE OF NEW JERSEY;
MICHAEL DERMODY

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 00-cv-00591)
District Judge: Honorable William G. Bassler

_____

Submitted Under Third Circuit LAR 34.1(a)
September 2, 2005

Before: ROTH, McKEE and ALDISERT, <u>Circuit</u> <u>Judges</u>

(Filed: November 3, 2005)

_____

OPINION

_____

PER CURIAM

Appellants appeal the District Court's order enjoining them from prosecuting an action in state court against appellee Dermody or filing an action in state or federal court against Dermody regarding certain issues without prior approval from the District Court. Appellants also appeal the order denying their motion for reconsideration of that order.

The ten-year procedural history of this case and the details of appellants' claims are well-known to the parties, set forth in the District Court's thorough opinions, and need not be discussed at length. In 1994, Hudson County rejected appellants' company's (CFS) bid for a contract to provide security for County buildings and awarded the contract to Labor Management Concepts (LMC). When appellants filed suit in 1995, the state courts agreed that CFS was not a responsible bidder because it maintained ties with appellant Ronald Gilgallon who had been convicted of insurance fraud.. The state court litigation also included settlement of a cross-claim against LMC by the County for unauthorized telephone calls made by LMC employees. When the appellants challenged the validity of the settlement, the Appellate Division of the Superior Court of New Jersey

2

found that this settlement was proper.  "We concur with the conclusion of Judge Gallipoli that plaintiff did not show that the County acted illegally or beyond its authority in agreeing to settle matters with LMC. . . ."  Supp. App. at 13.

Appellants, represented by counsel, then filed a suit in federal court as taxpayers of the County alleging ultra vires payments to LMC.  The District Court granted the defendants' motion to dismiss.  It found that appellants could not bring their claims because the County had settled its claims against LMC.  It addressed appellants' arguments that the settlement agreement was fraudulent based on the date stamps and that the Board of Chosen Freeholders was unaware of ultra vires payments.  Appellants, acting pro se, withdrew their appeal of this order.  See C.A. No. 01-1571.[1]  They later appealed the denial of a motion filed pursuant to Federal Rule of Civil Procedure 60(b).  We concluded that District Court did not abuse its discretion in denying Rule 60(b) relief because the appellants had already challenged the validity of the settlement agreement based on the date stamps.  We affirmed and noted:

> Appellants attempt to draw attention away from the frivolous nature of their claims by focusing on alleged picayune technical defects in the appellees' pleadings. Appellants also repeatedly claim that their motions and pleadings were not properly filed or considered.  We note that this Court had access to every document relevant to and necessary for this Court's decision.  It is clear to the Court that appellants are not approaching these proceedings in good faith.  The federal court system is not a playground to be used by litigants for harassing those

---

[1] In their briefs in a later appeal, appellants alleged that C.A. No. 01-1571 was dismissed as a result of a secret alliance of attorneys, including their own, against them. However, appellants voluntarily withdrew their appeal in order to file the Rule 60(b) motion in the District Court.  See C.A. No. 02-1864

3

they dislike. We emphatically warn appellants that further frivolous filings will result in sanctions.

See C.A. No. 02-1864. Appellants had already filed a second federal lawsuit which was stayed because the District Court found that the substance of their claims was decided on the merits in the first federal action. Appellants filed a third lawsuit concerning the County's motion to adopt another appellee's brief on appeal in C.A. No. 02-1864. This case was dismissed. Appellants then filed a fourth lawsuit. The District Court dismissed the complaint because appellants' arguments challenging the settlement had already been decided by the state and federal courts. The District Court also enjoined appellants from filing complaints in that court against the defendants without prior approval. In affirming this injunction, we noted "[g]iven appellants' continued attempts to repackage and reframe previously litigated claims, we believe the District Court's injunction was narrowly tailored to the circumstances." We cautioned appellants that "frivolous and vexatious litigation will lead to additional sanctions." See C.A. No. 03-2887. A fifth federal lawsuit was also dismissed.

Appellants returned to state court and filed a complaint alleging malpractice by their former attorneys during the first federal proceeding. They later amended their complaint to add Hudson County Attorney Michael Dermody, who had been opposing counsel in the first federal action, as a defendant. They alleged that Dermody conspired with their former attorneys to have the first federal case dismissed. Dermody filed a motion to dismiss which the state court denied. He then filed a motion for

4

reconsideration. Dermody also filed a motion in the District Court requesting that the District Court enjoin the state action against him. After learning that the state court had stayed the case, the District Court held oral argument. On February 8, 2005, the District Court entered an order enjoining the appellants from prosecuting the state court action or filing an action in state or federal court against Dermody with respect to certain issues. Appellants filed a notice of appeal, and we have jurisdiction pursuant to 28 U.S.C. § 1291.

Our review of the District Court's authority to issue an injunction under the Anti-Injunction Act is <u>de novo</u>. <u>In re Diet Drugs</u>, 369 293, 304 (3d Cir. 2004). We review the injunction for an abuse of discretion; legal issues are reviewed de novo, and factual issues are reviewed for clear error. <u>Id</u>. The District Court set forth the lengthy procedural history of the case and explicated the relevant case law. We have little to add to its thorough opinion and write here briefly to address appellants' arguments on appeal.

On appeal, appellants argue that their allegations of malpractice against Dermody have not been previously litigated. In ruling on appellants' Rule 60(b) motion, the District Court in the first federal case addressed their allegations that appellants' attorneys and opposing counsel were part of a secret alliance that improperly filed motions. Supp. App. at 85-86. Appellants raised these claims in their second federal complaint. Id. at 121-130. In his order administratively staying the second federal case, the Magistrate Judge concluded that "the substance of the facts which give rise to the various claims in

5

the proceeding <u>sub judice</u> were decided <u>on the merits</u> against plaintiffs by Judge Bassler in his March 19th Opinion and Order." Id. at 164. In affirming the Magistrate Judge's decision, the District Court expressly noted that appellants could address the merits of the dismissal when the case resumed. Id. at 188. Appellants never sought to lift the stay and challenge this conclusion. In the fourth federal case, the District Court noted that appellants had raised the same allegations of violations of filing procedures as the first federal case. Id. at 287.

Appellants argue on appeal that there is no need to protect and effectuate the District Court's prior judgment. However, in their second amended complaint in state court, appellants alleged that Dermody knew the settlement was a fraud and that appellants' former attorneys "possessed evidence that would have voided the decision issued on January 31, 2001." Id. at 371. Appellants are clearly seeking to invalidate the District Court's judgment against them.

We note that the crux of appellants' allegations in the state court action is that their former attorneys conspired with Dermody to "simulate" the motion process and secretly file an unopposed motion to dismiss but not any opposition. This allegation is contradicted by the District Court's addressing of the arguments made in appellants' opposition and its citation to several of appellants' exhibits in its opinion. Id. at 65. Appellants further allege in state court that the settlement was fraudulent. This issue was clearly addressed in earlier state and federal court litigation. Moreover, we note that in

6

denying the Rule 60(b) motion in the first federal action, the District Court concluded "[p]laintiffs have not presented any new evidence or fraud that would change the outcome of the motion to dismiss this action for failure to state a claim." Id. at 97. Thus, it is hard to imagine how appellants will prove prejudice.

Because the District Court's injunction of the ongoing state proceedings was issued to effectuate its prior judgments and to protect appellee from future harassing litigation, we will affirm the District Court's February 8, 2005, and March 29, 2005, orders. Appellant's request for oral argument is denied.