

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-19-2007

# Gilgallon v. Hudson

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1819

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Gilgallon v. Hudson" (2007). *2007 Decisions*. Paper 917.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/917

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-1819

———————

EILEEN GILGALLON;
RONALD GILGALLON;
SHAWN GILGALLON

v.

COUNTY OF HUDSON; ROBERT JANIZEWSKI;
FRANCIS DELEONARDIS; MARK MORCHEL;
MICHAEL CIFELLI; BOARD OF CHOSEN FREEHOLDERS;
NEIL CARROLL; VINCENT ASCOLESE; NEPTALI CRUZ;
WILLIAM BRAKER; NIDIA DAVILA-COLON; WILLIAM O'DEA;
ALBERT CIFELLI; SILVERIO VEGA; MAURICE FITZGIBBONS;
CONNELL FOLEY LLP; JOHN P. LACEY; JOHN MONROE;
STATE OF NEW JERSEY; JOSEPH TRAPP; ABC CORPORATIONS
1-10 (a fictitious corporation); JOHN AND
MARY DOES 1-10 (a fictitious corporation)

Ronald Gilgallon,
*Eileen Gilgallon,
                                        Appellants

* See Clerk's Order dated 4/27/06.

———————

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 02-cv-05948)
District Judge: Honorable Dennis M. Cavanaugh

———————

Submitted Under Third Circuit LAR 34.1(a)
January 5, 2007

1

OPINION

PER CURIAM

Pro se appellants Ronald and Eileen Gilgallon appeal the District Court's January 4, 2006 order enjoining them from pursuing litigation against the appellees in state court or any other court.  Appellants also appeal the District Court's February 28, 2006 order denying their motion for reconsideration.

The lengthy procedural history of this case and the details of appellants' claims are well-known to the parties, set forth in the District Court's thorough opinions, and need not be discussed at length.  Briefly, the Gilgallons have filed repetitive and vexatious lawsuits in the state and federal courts for over ten years seeking to re-litigate issues that have been decided against them.  We previously summarized this litigation in our opinion in <u>Gilgallon v. Carroll</u>, C.A. No. 05-2074, 2005 WL 2891686 (3d Cir. 2005).

After they were enjoined from litigating in federal court, the Gilgallons returned to state court and filed a complaint alleging malpractice against their former attorneys.  They subsequently filed a second amended complaint alleging claims against Hudson County Attorney Michael Dermody, who had been opposing counsel in the Gilgallon's first federal action.  In <u>Gilgallon v. Carroll</u>, we affirmed the District Court's order enjoining

2

the Gilgallons from litigating an action against Michael Dermody in state or federal court on the grounds that the injunction was necessary to protect and effectuate the District Court's prior judgments against the Gilgallons.

In a proposed third amended complaint in state court, the Gilgallons made allegations against the appellees. Appellees moved for an injunction barring the Gilgallons from proceeding in state court. By order entered January 4, 2006, the District Court enjoined the Gilgallons from pursuing the matter in state court against the appellees. The District Court denied the Gilgallon's motion for reconsideration, and the Gilgallons filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's authority to issue an injunction under the Anti-Injunction Act is <u>de</u> <u>novo</u>. <u>In re Diet Drugs</u>, 369 293, 304 (3d Cir. 2004). We review the injunction for an abuse of discretion; legal issues are reviewed <u>de</u> <u>novo</u>, and factual issues are reviewed for clear error. <u>Id.</u>

We first note that the scope of the appeal encompasses only the District Court's January 4th and February 28th orders. Subsequent to those orders, the Gilgallons attempted to file a fourth amended complaint in the state court. By order entered May 18th, the District Court issued a temporary restraining order staying the state court litigation and ordered the Gilgallons to show cause why they should not be held in contempt. By order entered July 12th, the District Court held the Gilgallons in civil contempt. The Gilgallons filed motions in this Court to amend the appeal to include these orders.

3

A party may file an amended notice of appeal from an order disposing of a motion specified in Fed. R. App. P. 4(a)(4)(A). See Fed. R. App. P. 4(a)(4)(B)(ii). The District Court's May 18th and July 12th orders do not fall within this rule. By order entered August 7, 2006, the Clerk denied the motions to amend the appeal. The Clerk noted that "[t]he Court will lack jurisdiction to consider the propriety of the new orders since they have not been appealed." The Gilgallons did not file notices of appeal in the District Court from the May or July orders.

On appeal, the Gilgallons focus on the District Court's May and July orders and the allegations in the fourth amended complaint in state court. The Gilgallons also argue that the District Court's actions violated their right to due process. These arguments are meritless. The Gilgallons were ordered to show cause why the injunction should not issue, they submitted a brief in opposition, and a hearing was held. Thus, they were given notice and an opportunity to be heard before the District Court entered its January 4, 2006 order.

Besides generally stating that the January 4th order violates the Anti-Injunction Act, the Gilgallons do not challenge the District Court's decision. Because the allegations against the appellees in the third amended complaint in state court concern issues that have been decided against the Gilgallons in their District Court actions, the District Court's order was necessary to protect and effectuate its prior judgments. The District Court did not err in denying the motion for reconsideration. Therefore, we will affirm the District Court's judgment.

4